UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | | |
|---|---|---|
| **In Re:** | ) | **Chapter 13 Case No.:** ____ - _____ - ____ |
| | ) | |
| **Dean Sean Cinquemani** | ) | **Judge** _____ |
| **and** | ) | |
| **Tammi Ann Cinquemani,** | ) | ☒ **Original Chapter 13 Plan** |
| Debtor(s). | ) | ☐ Modified Chapter 13 Plan, dated _____ |

*********************************************************************************

**NOTICE:  (Check One)**

☐ This plan DOES NOT include any provision deviating from the uniform plan in effect at the time of the filing of this case.

☒ This plan DOES contain special provisions that must be and are set forth in paragraph 11 below.

**YOUR RIGHTS WILL BE AFFECTED**.  You should read this plan carefully and discuss it with your attorney.  Anyone who wishes to oppose any provision of this plan must file with the court a timely written objection.  This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed.  **Creditors must file a proof of claim with the court in order to receive distributions under this plan.**
_____

**1.    PAYMENTS**

**A.** Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors ("Debtor") shall commence making payments to the Chapter 13 Trustee (the "Trustee") in the amount of **$275.00** per month (the "Plan Payment").

**B.** The Plan Payment shall include sufficient funds to cover conduit payments and pre-confirmation adequate protection payments paid by the Trustee.  Trustee may increase the Plan Payment during the term of the plan as necessary to reflect increases, if any, in any Conduit Payments paid by the Trustee.

**2.    DISTRIBUTIONS**

**A.** After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) conduit payments as provided for in paragraph 3(C); (iv) monthly payments as provided for in paragraphs 3(A), 3(B), 4(A), 4(B) and 9; (v) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (vi) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vii) general unsecured claims.

**B.** If the Trustee has received insufficient funds from the Debtor to make the conduit payment, the Trustee may accumulate funds until sufficient funds are available for distribution of a full monthly payment.  If the Trustee has received insufficient funds from the Debtor to make the fixed monthly payment to secured creditors in subsection A (iv) of this paragraph, the Trustee may pay these secured creditor claims on a pro-rata basis.

**C.** Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court otherwise orders, distributions on account of claims in paragraphs 3(A), 3(C), 4(A), 5, 6, 7 and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan.

**3.    CLAIMS SECURED BY REAL PROPERTY**

### A. Mortgage Arrearages and Real Estate Tax Arrearages

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages. Note: If the Trustee will not be making the continuing mortgage payments, the Debtor is responsible for paying all post-petition mortgage payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|---|
| **HSBC** | **4910 Richelieu Ave. Sheffield Lake, OH 44054** | **-0-** | **Prorata** |

### B. Other Real Estate Claims

Trustee shall pay the monthly payment amount to creditors up to the amount specified below to be paid through the plan. The portion of any allowed claim that exceeds the amount to be paid through the plan shall be treated as an unsecured claim.

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **None.** | | | | |

### C. Conduit Payments

Trustee shall pay the regular monthly mortgage payments beginning with the first payment due after the filing of the case, subject to changes due to escrow, interest and other adjustments. Note: If the Trustee is making the continuing monthly mortgage payments, the mortgage creditor must also be listed in paragraph 3(A) above. Unless real estate taxes and insurance are included in the mortgage payments to be paid by the Trustee pursuant to the Plan, the Debtor shall remain responsible for paying those obligations as they become due.

| Creditor | Property Address | Monthly Payment (Paid by Trustee) | Property Insurance | Real Estate Taxes |
|---|---|---|---|---|
| **None.** | | | | |

For each mortgage listed, indicate with a "yes" or "no" if the mortgage payment includes:

### 4. CLAIMS SECURED BY PERSONAL PROPERTY

**A. Secured Claims to be Paid in Full Through the Plan:**

Trustee shall pay the following claims in full and in equal monthly payments.

| Creditor | Collateral Description | Estimated Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **Fifth Third Bank** | **2003 Saab** | **$4,637.00** | **4.5%** | **$138.00** |
| **Fifth Third Bank** | **2002 Volvo** | **$3,146.00** | **4.5%** | **$94.00** |

1

**B. Secured Claims NOT to be Paid in Full Through the Plan:**

Claims specified below are debts secured by personal property not provided for in paragraph 4(A) above. Trustee shall pay the allowed claims the secured amount with interest and in equal monthly payments as specified below. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Upon confirmation, the secured amount and interest rate specified below, or as modified, will be binding under 11 U.S.C. §1327 unless a timely written objection to confirmation is filed and sustained by the court.

| Creditor | Collateral Description | Secured Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **None.** | | | | |

**C. Pre-confirmation Adequate Protection Payments:**

Trustee shall pay the monthly payment amount to creditors for pre-confirmation adequate protection as specified below.

| Creditor | Collateral Description | Monthly Payment (Paid by Trustee) |
|---|---|---|
| **Fifth Third Bank** | **2003 Saab** | **$138.00** |
| **Fifth Third Bank** | **2002 Volvo** | **$ 94.00** |

**5. DOMESTIC SUPPORT OBLIGATIONS**

Debtor ☐ does ■ does not have domestic support obligations under 11 U.S.C. §101(14A).

**A.** Trustee shall pay under 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| **None.** | | |

**B.** Specify the holder(s) of any claims for domestic support obligations under 11 U.S.C. §1302(d) if different than the creditor(s) shown in paragraph 5(A) above. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address & Telephone |
|---|---|
| **None.** | |

### 6. OTHER PRIORITY CLAIMS
Trustee shall pay under 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Estimated Claim Amount |
|---|---|
| **None.** | |

### 7. GENERAL UNSECURED CLAIMS
Debtor estimates the total of the non-priority unsecured debt to be **$117,366.00 [including unsecured second mortgage claim]** Trustee will pay to creditors with allowed non-priority unsecured claims a pro-rata share of **$-0-** or **1.0 %** whichever is greater.

### 8. PROPERTY TO BE SURRENDERED
Debtor surrenders the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| Creditor | Property Description |
|---|---|
| **None.** | |

### 9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES
All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages. Debtor shall pay all post-petition payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Description | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| **None.** | | | |

### 10. OTHER PLAN PROVISIONS
(a) Property of the estate shall revest in the Debtor ☐ upon confirmation. ■ upon discharge, dismissal or completion. If the Debtor has not marked one of the boxes, property of the estate shall revest in the Debtor upon confirmation. If the Debtor has elected to have property of the estate revest in the Debtor upon discharge or dismissal, the Debtor must maintain adequate insurance of all property in the estate. Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case.

3

(b)  The treatment of the claims of creditors as set forth in this plan shall become absolute upon confirmation, under 11 U.S.C. §1327.  Therefore, if a creditor or contract party named herein objects to this plan, including the valuation of security, interest to be paid, and the treatment of executory contracts and unexpired leases, a formal objection to confirmation must be timely filed with the court.

(c)  This plan incorporates 11 U.S.C. §1325(a)(5)(B)(i) with respect to each allowed secured claim provided for by this plan.

(d)  Notwithstanding the automatic stay, creditors and lessors provided for in paragraphs 3(A), 3(C), and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

**11.  SPECIAL PROVISIONS**
This plan shall include the provisions set forth in the boxed area below.  **Note: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding paragraph 1.**  Further, these provisions should not contain a restatement of the Bankruptcy Code, Federal Rules of Bankruptcy Procedures, Local Bankruptcy Rules or case law.

A.  <u>Voiding of second mortgage lien.</u>   The second mortgage lien of GMAC Mortgage is completely unsecured and will be voided upon motion and hearing or adversary proceeding and the claim treated as a general unsecured claim in accordance with article 7 of the plan.   11 U.S.C. §§506(d), 1322(b)(2); In *re: Lane*, 280 F.3d 663 (6th Cir., 2002).

B.  <u>Mortgage Modification Analysis</u> In accordance with the United States Department of Treasury's Help for America's Homeowners – Home Affordable Modification Program (HAMP) Supplemental Directive 10-02, the debtor(s) hereby notify the holder and/or servicer of a mortgage claim of their intent to seek an analysis as set forth in Directive 10-02, and that holder/servicer's counsel accepts service of required submissions from debtor(s) to facilitate compliance, and assist the Bankruptcy Court, Trustee and debtor through this process.

C.  <u>In the event collateral is surrendered after confirmation of plan, deficiency balance to be treated as general unsecured claim</u>.  In the event collateral addressed by Articles 3 or 4 of this plan is surrendered, voluntarily or involuntarily, to secured creditor(s) after confirmation of the plan, the trustee shall discontinue disbursements on allowed secured claims secured with the subject collateral upon notice of the surrender, and deficiency balance claims shall only be allowed after the collateral is sold in accordance with non-bankruptcy law and the proceeds applied to the claims of said secured creditors and a new or amended claim is then filed for the remaining deficiency balance.  All such deficiency balance claims shall be allowed as general unsecured claims only.

*/s/ Dean S. Cinquemani*  
Dean S. Cinquemani

/s/ *Tammi A. Cinquemani*  
Tammi Cinquemani

Date: 10/15/10

/s/ *Richard H. Nemeth*  
Richard H. Nemeth  
*Attorney for the debtors*

Effective: August 10, 2009

4