# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

In re: Dean Sean Cinquemani ) Chapter 13 Case No. 10-20199
       Tammi Ann Cinquemani ) Hon. Arthur I. Harris
         Debtor(s) )

## CHAPTER THIRTEEN TRUSTEE'S OBJECTION TO CONFIRMATION

Now comes CRAIG SHOPNECK, the duly appointed, qualified, and standing Chapter 13 Trustee ("the Trustee") herein, and objects to the confirmation of the proposed Chapter 13 Plan and hereby represents the following:

1. The Debtor(s) filed for bankruptcy relief on October 15, 2010.

2. The 341(a) Meeting of Creditors held on November 10, 2010 was concluded and the confirmation hearing is scheduled for December 16, 2010 at 2:30 PM.

3. The Trustee objects to confirmation of the proposed plan on the following grounds:

☐ RECENT TAX RETURN: The Debtor(s) has/have failed to supply the Trustee with a copy of the federal income tax return required under applicable law for the most recent tax year ending immediately before the commencement of the case [11 U.S.C. § 521(e)(2) and §1325(a)(1)].

☐ DSO: The Debtor(s) has/have domestic support obligation(s) and has/have failed to certify, affirm, or testify that all amounts that have become payable under said obligation since the date of the filing of the petition have been paid [11 U.S.C. § 1325 (a)(8)].

☒ PROSECUTION: Without the following information and/or documents the Trustee cannot properly administer the case of the Debtor(s) [11 U.S.C. § 521 (a)(3)]:
    ☐ Recent pay advices for Debtor. Specifically, _____.
    ☐ Recent pay advices for non-filing spouse.
    ☐ Recent federal income tax return for non-filing spouse.
    ☐ Evidence of income from _____.
    ☐ Payment advices and/or other documentation of all income received during the six months prior to the month the bankruptcy petition was filed.
    ☐ Business information for each business owned by Debtor(s):
        ☐ Completed business questionnaire with supporting financial information.
        ☐ Two years recent federal income tax returns.
        ☐ Balance Sheet as of the date of the bankruptcy filing.
        ☐ Income and Expense Statement for the twelve-month period prior to the date of the bankruptcy filing.
        ☐ Projected month-to-month Cash Flow Statement for the twelve-month period following the date of the bankruptcy filing.
        ☐ Other: _____.
        ☐ Other: _____.
    ☐ Affidavit from _____ for his/her contribution of _____ /month.

☐ Depository and/or investment account statements for the month the bankruptcy petition was filed and the ____ months preceding the month the petition was filed.
☒ Other: <u>Verification of the following expenses on schedule J: telephone ($307.00), transportation ($600.00), life insurance ($131.21), health insurance ($278.20), real estate taxes ($191.92), business expenses ($500.00)</u>.
☐ Other: ____.
☐ Other: ____.
☐ Other: ____.
☐ Other: ____.

☐ <u>NOTICING:</u> The Debtor(s) has/have failed to file a certificate of service evidencing that creditors have been properly served with the:
  ☐ Chapter 13 Plan.
  ☐ Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines.

☐ <u>PLAN:</u> The plan does not comply with Administrative Order 09-04. Specifically, ____.

☐ <u>CONDUIT:</u> The Debtor(s) has/have failed to include conduit payments in paragraph 3C as required pursuant to Administrative Order 09-2, or the conduit payments proposed by the Debtor(s) are either improper or cannot be administered. Specifically, ____.

☐ <u>FEASIBILITY:</u> The plan is not feasible in that it exceeds 60 months [11 U.S.C. § 1322(d)]. For feasibility, the Plan would require a monthly payment of ____.

☐ <u>FIXED PAYMENTS:</u> The plan either does not provide for equal monthly payments to secured creditors, or the fixed payments provided are so large that they cannot be met under the proposed monthly plan payment, while at the same time providing for administrative costs [11 U.S.C. § 1325 (a)(5)].

☐ <u>OMITTED CLAIM(S):</u> The plan fails to provide for claims that should or must be specifically referenced in the plan [11 U.S.C. § 1322(a)(2), § 1322(b)(5), and/or § 1325(a)(5)]. Specifically, ____.

☐ <u>UNFAIR DISCRIMINATION:</u> The plan unfairly discriminates against or in favor of a class of general unsecured claims [11 U.S.C. § 1322(b)(1)]. Specifically, ____.

☐ <u>LIQUIDATION:</u> The Trustee believes that the plan does not provide general unsecured creditors with an amount equal to or greater than they would have received in a Chapter 7 liquidation proceeding [11 U.S.C. § 1325 (a)(4)], Specifically, ____.
The Trustee will not recommend confirmation of the plan unless the amount paid to unsecured creditors is increased to ____ or ____% of unsecured claims, whichever is greater, and the plan payment is increased to ____.

☒ <u>DISPOSABLE INCOME/COMMITMENT PERIOD:</u> The Trustee either does not believe or cannot determine if the Debtor(s) is/are devoting all of his/her/their projected disposable income in the applicable commitment period to the unsecured creditors [11 U.S.C. § 1325(b)(1)(B). Specifically, <u>the Trustee believes, based on a review of the schedules and other information provided to the Trustee, that the Debtors' projected disposable income is $111.45 per month</u>.

The Trustee will not recommend confirmation of the plan unless the amount paid to unsecured creditors is increased to $4,012.20 or 4% of unsecured claims, whichever is greater, and the plan payment is increased to _____.

☐ GOOD FAITH: The Trustee believes that the Debtor(s) has/have not offered the plan in good faith [11 U.S.C. § 1325(a)(3)]. Specifically, _____.
The Trustee will not recommend confirmation of the plan unless the amount paid to unsecured creditors is increased to _____ or _____% of unsecured claims, whichever is greater, and the plan payment is increased to _____.

☐ WAGE ORDER: There is no wage order in place, as required by Administrative Order 05-4, or the wage order in place is deficient. Specifically, _____.

☐ OTHER: _____.
☐ OTHER: _____.
☐ OTHER: _____.

4. This is an ongoing objection and is intended to be an objection to any subsequent plan filed by the Debtor(s).

5. The Trustee reserves the right to amend and/or supplement this objection should additional information be provided.

WHEREFORE, the Trustee prays that this Court deny confirmation of the proposed plan for the foregoing reasons and requests that the case be dismissed.

/S/ Craig Shopneck
CRAIG SHOPNECK (#0009552)
Chapter 13 Trustee
200 Public Square, BP Tower Suite 3860
Cleveland OH 44114-2321
Phone (216) 621-4268     Fax (216) 621-4806
Ch13shopneck@ch13cleve.com

**CERTIFICATE OF SERVICE**

I certify that on the 15th day of November, 2010, copies of this Trustee's Objection to Confirmation were served electronically and/or by ordinary U.S. mail to the following:

Richard H Nemeth, Attorney for Debtors
(Via Electronic Mail)

Dean Sean Cinquemani, Debtor
Tammi Ann Cinquemani, Debtor
4910 Richelieu Ave.
Sheffield Lake, OH 44054

                                            /S/ Craig Shopneck
                                           CRAIG SHOPNECK (#0009552)

CS/dls
11/15/10